UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:15-cv-00183-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § § § § | |
| Defendants. | § | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Mobile Telecommunications Technologies, LLC and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, the "Parties") believe that in the course of this case certain materials, information, and things discoverable in this case, both from the Parties and from third parties, may consist of trade secrets, proprietary information, confidential research and development information, financial information, and/or otherwise commercially valuable information that the respective Parties or third parties maintain in confidence in the ordinary course of business (hereinafter, the "Protected Material");

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of Protected Material for which special protection from public disclosure and from use for any

purpose other than prosecuting this litigation is warranted.  Accordingly, a Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material shall not be used for any other purpose including, without limitation, any business, proprietary, commercial, governmental, or other litigation purpose.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  This Stipulated Protective Order shall be construed accordingly so as to protect the confidential nature of all Protected Material.

2. **DEFINITIONS**

2.1 **Party(ies)**:   Any party to this action and all of its officers, directors, employees, consultants, or agents.   In addition, any nonparty may invoke the rights and protections provided to a Producing Party and a Designating Party under this Stipulated Protective Order.  The terms "Party" and "Parties" include any such nonparties.

2.2 **Discovery Materials:** Documents, things, items, or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), including electronically stored information (ESI), that are produced or generated in any disclosure or response to discovery in this matter. The term "Discovery Materials" shall also govern Protected Material produced during discovery by any nonparty when the nonparty invokes the rights and protections provided by this Stipulated Protective Order, thereby becoming a Party to it.

2.3 **CONFIDENTIAL Information:**   Any Producing Party may designate any Discovery Materials "CONFIDENTIAL" under the terms of this Stipulated Protective Order if such Party in good faith believes that such Discovery Materials contain nonpublic confidential, proprietary, commercially sensitive, or trade secret information.   Such CONFIDENTIAL

materials may comprise or contain, but are not limited to: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (4) business relationship information (such as information pertaining to potential or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); (5) technical information (such as research and development information, lab notebooks, schematics, block diagrams, system level engineering documents, and inventor notebooks or files); (6) information pertaining to products and product development efforts, concepts, or plans; and (7) patent prosecution information (such as invention disclosures and present or future patent applications).

**2.4** **HIGHLY   CONFIDENTIAL   –   OUTSIDE   COUNSEL   ONLY** **Information:**   Any Producing Party may designate any Discovery Materials "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under the terms of this Stipulated Protective Order if such Party in good faith believes that such Discovery Materials contain highly sensitive information, the disclosure of which could create a substantial risk of serious injury to the business or competitive interests of the Producing Party.   Such HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials may comprise or contain, but are not limited to, (a) marketing, financial, sales, web traffic, research and development, or technical information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ('NDA"); (c) information, data, or strategic plans relating to future products not yet commercially released;

and/or (d) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.5 **Designating Party:** A Party, including a nonparty that invokes the rights and protections provided by this Stipulated Protective Order, that designates Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to this Stipulated Protective Order.

2.6 **Producing Party:** A Party, including a nonparty that invokes the rights and protections provided by this Stipulated Protective Order, that produces Discovery Materials in this case.

2.7 **Receiving Party:** A Party or Retained Expert that receives Discovery Materials from a Producing Party.

2.8 **Protected Material:** Any Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY as described herein.

2.9 **Outside Counsel:** Attorneys who are not employees of a Party but who are specially retained to represent or advise a Party in this action.

2.10 **In-House Counsel:** Attorneys who are employees of a Party.

2.11 **Counsel:** Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not presently employed by the Parties

hereto for purposes other than this Action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

      **2.13**   **Professional Vendors:**  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.**     **SCOPE**

     The protections conferred by this Stipulated Protective Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties, third parties, or Counsel to or in court or in other settings that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

      **5.1**   **Manner and Timing of Designations:** Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Sections 5.2 and 5.3), or as otherwise stipulated or

ordered, Protected Material must be clearly designated as such.  Designation in conformity with this Stipulated Protective Order requires:

(a)　　Discovery Materials in documentary form (excluding transcripts from depositions, pretrial, or trial proceedings):  The Producing Party must affix the appropriate legend CONFIDENTIAL or HIGHLY  CONFIDENTIAL – OUTSIDE COUNSEL ONLY on each page of a document or each physical object that contains Protected Material.

(b)　　Discovery Materials that comprise testimony given in deposition, pretrial, or trial proceedings:  Any Party may designate testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY during the testimony or in writing at any time within thirty (30) days after actual receipt of the transcript by counsel for the Designating Party.  In order to afford time for designations to be made, the entire transcript shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the thirty (30) day period.

Transcripts containing Protected Material must be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY on the cover of the transcript and/or on the individual pages containing such Protected Material as instructed by the Designating Party.

(c)　　All other Discovery Materials including ESI and tangible things:  The Producing Party must affix in a prominent place on the exterior of the container or containers in which the Discovery Materials are stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY.

**5.2**　　**Inadvertent Failure to Designate:**  If timely corrected, an inadvertent or unintentional failure to designate Discovery Materials as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to Section 5.1 does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.   Any party that inadvertently or unintentionally produces Discovery Materials without designating it as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may request destruction of that Discovery Materials by notifying the Receiving Party(ies), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Discovery Materials that are properly designated. The Receiving Party(ies) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

### 6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

No Receiving Party concedes that any material designated by a Designating Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY does, in fact, contain information that is properly designated as such.   A Party may, at any time, move for relief from the provisions of this Stipulated Protective Order with respect to specific material which that Party believes has been improperly designated as Protected Material.   A Party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   In the event that any Party disagrees at any stage of these proceedings with the designation of Protected Material, the Parties shall try first to resolve such dispute in good faith on an informal basis without Court intervention.   The Party challenging the designation must first provide written notice to Counsel for the Designating Party, explain the basis for its belief that the confidentiality designation is improper, and give the Designating Party at least ten (10) business days to review the confidentiality designation, reconsider the circumstances, and offer to change the designation,

explain the justification for the chosen designation, and/or offer an alternative resolution.  Within five (5) business days of the Designating Party's response, the Parties shall confer, in accordance with Local Rule CV-7(h), in an effort to resolve their differences.  If no agreement is reached, the challenging Party may proceed to the next stage of the challenge process by filing a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge.  Upon any such application to the Court, the burden shall be on the Designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.  No Party shall object to the filing of the challenged material with the Court under seal in order for the Court to resolve the matter.

## 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

**7.1** <u>**Basic Principles:**</u>  The Receiving Party shall store and maintain Protected Material in a manner and location that ensures access is limited to only the persons authorized under this Stipulated Protective Order.  It shall be the responsibility of Counsel for each Party to ensure that persons receiving Protected Material pursuant to this Order know the terms of this Stipulated Protective Order and agree to be bound by them.

**7.2** <u>**Disclosure of Discovery Materials Designated CONFIDENTIAL:**</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Materials designated CONFIDENTIAL only to:

(a)     up to three officers, directors, and employees of a Receiving Party to whom disclosure is reasonably necessary for this litigation;

(b)      the Receiving Party's Outside Counsel of record in this action, members of their firm(s), paralegal, clerical, and other regular or temporary employees of such counsel reasonably necessary to assist in the conduct of this case, for use in accordance with this Stipulated Protective Order;

(c)      the Receiving Party's In-House Counsel who either have responsibility for making decisions dealing directly with the  litigation of this Action, or who are assisting Outside Counsel in the litigation of this Action and the Receiving Party's paralegals who are assisting Counsel in the litigation of this Action;

(d)      Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A), and (3) to whom the procedures set forth in Section 7.4 have been followed, as well as employees of said Experts to whom disclosure is reasonably necessary for this litigation;

(e)      the Court and its personnel;

(f)      court reporters, their staffs, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation with suitable precautions calculated to maintain confidentiality;

(g)      during their depositions, witnesses who lawfully received Protected Materials prior to and apart from this lawsuit but only after a proper foundation for such previous knowledge is made; and

(h)      the author of the document or the original source of the information and any copied recipients thereof.

**7.3      Disclosure   of   Discovery   Materials   Designated   HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY:** Unless otherwise ordered by the court or

permitted in writing by the Designating Party, a Receiving Party may disclose Discovery Materials designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY to all persons designated in Sections 7.2(b) and 7.2(d)(h) above.   Information so designated may not be disclosed to persons identified in Section 7.2(a) and 7.2(c).   No information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may be disclosed to persons identified in Section 7.2(d) until such Expert has complied with the procedures set forth in Section 7.4 below.

**7.4    Procedures for Approving Disclosure of Protected Material to Experts:**   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose Protected Material to an Expert must first follow the procedures set forth below:

(a)    <u>Written Request</u>:  The Party seeking to disclose Protected Material must make a written request to the Designating Party that (1) includes a copy of the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A) signed by the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, including identification of the Expert's current employer(s); (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years[1]; and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

---

[1]    If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements.

(b)      <u>Written Objection</u>:  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the Expert ten (10) days after delivering the request unless the Party receives a written objection from the Designating Party within that time period.   Any such objection must set forth the grounds on which it is based.

(c)      <u>Meet and Confer</u>:  A Party that receives a timely written objection must promptly meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement.   If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the written objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.   The objecting Party shall have the burden of proving the need for a protective order.   No disclosure shall occur until all such objections are resolved by agreement or Court order.

## 8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**8.1      Duty to Notify Designating Party:**  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, the Receiving Party must notify the Designating Party in writing within five (5) business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

**8.2      Duty to Notify Issuing Party:**  The Receiving Party must also promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.   In addition, the Receiving Party must deliver a copy of this Stipulated

Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

   **8.3**  **Production Duty:** If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

   **8.4**  **Purpose of Duties:** The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to seek to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall be responsible for seeking protection in that court for its Protected Materials, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

   **9.**  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

   **9.1**  The terms of this Order are applicable to information produced by a nonparty in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".  Such information produced by nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a nonparty from seeking additional protections.

   **9.2**  In the event that a Party is required, by a valid discovery request, to produce a nonparty's confidential information in its possession, and the Party is subject to an

agreement with the nonparty not to produce the nonparty's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the nonparty that some or all of the information requested is subject to a confidentiality agreement with a nonparty;

(b)    promptly provide the nonparty with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the nonparty.

**9.3**    If the nonparty fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the nonparty's confidential information responsive to the discovery request.  If the nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the nonparty before a determination by the court.  Absent a court order to the contrary, the nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (d) request such person or persons to

execute the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A).  Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

### 11. **DISCLOSURE OF PRIVILEGED INFORMATION**

Any Party's production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery under the terms set forth in this Section 10 shall not constitute a waiver of the immunity or privilege.

**11.1   Clawback Notice:**   Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within a reasonably prompt time after discovery of the inadvertent production by providing a written "Clawback Notice."  Once the Clawback Notice is provided, the Receiving Party shall promptly destroy and delete from any litigation support or other database the Inadvertently Produced Documents and all copies thereof, all notes or other work product of the Receiving Party reflecting the contents of such materials, or, upon request, return such materials to the Producing Party.  After receiving the Clawback Notice, the Receiving Party may move the Court to dispute the claim of privilege and/or immunity.  If the Receiving Party elects to file such a motion, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the Court's resolution of the motion.  Any Party may present the Inadvertently Produced Documents to the Court under seal in connection with the motion, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.  Unless and until the Court resolves any such motion in favor of the

Receiving Party, no use shall be made of such Inadvertently Produced Documents, including at depositions or at trial, and they shall not be disclosed to anyone who was not given access to them before the Producing Party's Clawback Notice.  If the Court denies the Receiving Party's motion, the Receiving Party shall promptly comply with the preceding provisions of this Section regarding destruction, deletion, and return.  In the event that any Party receives information produced in discovery from another Party that reasonably appears to constitute Inadvertently Produced Documents, the Receiving Party shall promptly notify the Producing Party in writing of the apparently inadvertent production.

   **11.2** **Fed. R. Evid. 502 Protections**:  The Court hereby orders pursuant to Federal Rule of Evidence 502 that there is no waiver of privilege or work-product protection in this matter or any other matter in any other jurisdiction for any Inadvertently Produced Documents subject to work-product immunity, the attorney-client privilege, or other legal privilege produced under this Section 11.

   **12.** **FILING PROTECTED MATERIAL/USE IN COURT PROCEEDINGS**

   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material.  In the event any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY is used in any court proceeding, it shall not lose its designated status and the Parties shall take all steps reasonably required to protect the confidentiality of the information during that use, including filing said information under seal.

   **13.** **COMPUTER SOURCE CODE**

   At this time, the Parties do not anticipate the need for or disclosure of computer source code.  In the event source code is requested, produced or generated in disclosures or responses to discovery in this matter, the Parties shall negotiate in good faith the terms of a Supplemental

Protective Order governing the production of source code.  In the event the Parties are able to reach agreement on the terms of a Supplemental Protective Order, the Receiving Party shall move for entry of the Supplemental Protective Order.  In the event the Parties are unable to reach agreement on the terms of a Supplemental Stipulated Protective Order, any Party may move for entry of a proposed supplemental protective order.  The Producing Party shall not be required to produce any source code until the Court has entered a Supplemental Protective Order.

   **14.**   **PROSECUTION BAR**

   **14.1**   CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials (referred to in this section as "Prosecution Bar Materials") shall not be disclosed to and used by anyone who is responsible for the preparation, prosecution and/or reexamination of: (i) any patent applications which claim priority, in whole or part, to the patents-in-suit, or (ii) any continuations, continuations in part, reissues, or divisionals that derive in whole or in part from the patents-in-suit.  Notwithstanding the foregoing, counsel involved in proceedings before the United States Patent and Trademark Office ("PTO") regarding the patents-in-suit ("PTO Counsel") may be granted access to Prosecution Bar Materials to comply with the duty of disclosure stated in MPEP §§2001.06(c) and 2014, as long as no new claims or claim amendments based on Prosecution Bar Materials disclosed by another party are presented in such proceedings.  Any disclosures of Prosecution Bar Materials to PTO Counsel or the PTO shall be done under MPEP §§ 724.02 and pursuant to all the applicable provisions of this Protective Order.  When submitting any Prosecution Bar Materials to the PTO, as required by 37 CFR 1.17(g), PTO Counsel shall submit a petition under 37 CFR 1.59 and fee therefore, to be paid by the PTO Counsel (or its client), to expunge such Protected Matters from the file history record if the Protected Matters are found not to be material to patentability.  PTO Counsel further agrees to take any reasonable actions requested by the disclosing party, at PTO Counsel's expense, to

maintain the confidentiality of any Prosecution Bar Materials that PTO Counsel submits to the PTO, and nothing in this Protective Order shall prevent the disclosing party from seeking further relief directly from the PTO to maintain the confidentiality of any of their Prosecution Bar Materials submitted to the PTO by such PTO Counsel.

14.2    Absent the written consent of the party producing the Prosecution Bar Materials in question, any attorney, patent agent, expert, consultant, paralegal, or clerical support staff for or representing a party to this litigation who accesses Prosecution Bar Materials shall not prosecute patent applications relating to the subject matter disclosed in the patents-in-suit, including without limitation the drafting, amending or supervision of the drafting or amending of patent claims, relating to such subject matter before any foreign or domestic agency, including the United States Patent and Trademark Office, to the extent that such patent applications would cover methods, apparatuses or systems disclosed in Prosecution Bar Materials actually disclosed to such individual.   For purposes of this section, Prosecution Bar Materials is limited to Computer Source Code, design documents, and documents describing the technical operation of the subject matter.

14.3    Nothing herein shall prevent or be construed as preventing any attorney, patent agent, expert, consultant, paralegal, or clerical support staff for or representing a Party who accesses Prosecution Bar Materials, including a Party's outside counsel of record, from (i) assisting PTO Counsel in defending the validity of existing claims of the patents-in-suit or any related patent, (ii) assisting PTO counsel in a reexamination or *inter partes* review proceeding, (iii) communicating with its clients or its client's PTO Counsel or patent prosecution counsel regarding any disclosure of litigation materials mandated by the MPEP, the PTO, federal law, or

as otherwise required to avoid a finding of inequitable conduct, or (iv) from assisting in a proceeding challenging the validity of any claims of the patent-in-suit or any related patent.

**14.4**   This prohibition on patent prosecution shall begin when the affected individual first accesses a Prosecution Bar Materials and shall end one (1) year after conclusion of the litigation.

## 15.   <u>FINAL DISPOSITION</u>

The provisions of this Stipulated Protective Order and the Court's authority to enforce it shall survive the conclusion of this case, and shall remain in effect until the Producing Party agrees otherwise in writing or a court order directs otherwise.  The Court shall retain jurisdiction over the Parties and Counsel as necessary to enforce this Stipulated Protective Order.  Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving Party must return or destroy all Protected Material to the Producing Party within sixty (60) calendar days after the final disposition of this action, as defined in Paragraph 4.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon written request from the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that all Protected Material was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

16.    **MISCELLANEOUS**

16.1    **Right to Further Relief:**   Nothing in this Stipulated Protective Order abridges the right of any person to seek modification of this Stipulated Protective Order by the Court in the future or to seek further protective orders in the future.

16.2    **Right to Assert Other Objections:**   By agreeing to the entry of this Stipulated Protective Order, a Party does not waive any right it otherwise would have to object to disclosing or producing any information or item.   Similarly, a Party does not waive any right to object on any ground to use Protected Material in evidence.

16.3    **Exemptions:**   The restrictions and obligations set forth herein shall not apply to any information that (a) the Parties agree should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.   Further, the restrictions and obligations set forth herein shall not be deemed to prohibit discussions of any Confidential Information with any person that already has or obtains legitimate possession thereof.

16.4    **Counsel's Right to Provide Advice:**   Nothing in this Order shall bar or otherwise restrict Counsel from rendering advice to Counsel's client with respect to this action and, in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

16.5   **Violations:**   A Party believing there has been a violation of this Order by any other Party must provide written notice of such belief to all other Parties.   The Parties thereafter shall informally attempt to resolve the matter promptly, but the responding Party shall have at least five (5) business days to investigate the assertion.   If the Parties are unable to resolve the issue, then the Party asserting that a violation occurred shall move the Court for relief and give written notice to all Parties of its intent to so move.

**Signed this date.**

**Aug 25, 2015**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Eastern District of Texas in the case of *Mobile Telecommunications Technologies, LLC, v. Samsung Telecommunications America, LLC*, Civil Action No. 2:15-cv-00183-JRG-RSP.  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of the case.

Signature:_____

Printed Name:_____

Date:_____